**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY (CAMDEN)**

| | |
|---|---|
| **START CDL, INC.**<br><br>*Plaintiff*<br><br>v.<br><br>**UNITED STATES DEPARTMENT OF TRANSPORTATION; FEDERAL MOTOR CARRIER SAFETY ADMINISTRATION**<br><br>and<br><br>**DEREK D. BARRS, in his official capacity as Administrator of the Federal Motor Carrier Safety Administration**<br><br>*Defendants* | Civil Action No. |

## COMPLAINT

**AND NOW** Comes Plaintiff Start CDL, Inc. ("Start CDL" or "Plaintiff") by and through its undersigned counsel, Kaminsky Law, LLC and avers as follows in support of its Complaint against Defendants United States Department of Transportation ("DOT"), Federal Motor Carrier Safety Administration ("FMCSA") and Derek D. Barrs, in his official capacity as Administrator of the FMCSA (the "Administrator") (collectively "Defendants"):

## I. SUMMARY

1. On August 31, 2026, FMCSA issued the Notice of Emergency Removal from the FMCSA's Entry Level Driver Training Provider Registry (the "Emergency Removal") immediately prohibiting Start CDL from carrying on its core Entry-Level Driver Training ("ELDT") operations.

2. Start CDL timely sought administrative review of the Emergency Removal and

separately sought an emergency stay pending that review.

3. FMCSA has not responded to Start CDL's Petition for Administrative Review or Emergency Motion to Stay despite the ongoing and business-disabling effect of the Emergency Removal.

4. Plaintiff therefore seeks immediate interim injunctive relief restoring its ability to operate during the pendency of this action and an order vacating and setting aside the Emergency Removal. In the alternative, should the Court decline to vacate the Emergency Removal while administrative review remains pending, Plaintiff seeks an order permitting it to continue operating pending FMCSA's resolution of its Petition for Administrative Review and Emergency Motion to Stay and directing Defendants to promptly adjudicate those pending requests.

## II. PARTIES

5. Plaintiff Start CDL, Inc. is a New Jersey corporation that provides commercial driver's license training and Entry-Level Driver Training. Start CDL's principal training location is located at 835 Industrial Hwy, Suite 1, Cinnaminson, New Jersey 08077, and its Training Provider Registry ("TPR") identification number is 6852a274-d7e6-40a4-83a0-31273db36feb.

6. Defendant United States Department of Transportation is an executive department of the United States responsible for federal transportation programs, including the Federal Motor Carrier Safety Administration.

7. Defendant Federal Motor Carrier Safety Administration is an agency within DOT. FMCSA administered and issued the emergency removal challenged in this action.

8. Defendant Derek D. Barrs is the Administrator of FMCSA and is sued solely in his official capacity. The Administrator is responsible for compliance with any mandatory or injunctive decree entered in this action.

## III. JURISDICTION AND VENUE

9. This action arises under federal law, including the Administrative Procedure Act ("APA"), and this Court has original jurisdiction under 28 U.S.C. § 1331.

10. Plaintiff seeks relief other than money damages against federal agencies and federal officers acting in their official capacities. The APA authorizes judicial review for a person suffering legal wrong because of agency action and permits the United States to be named as a defendant in an action seeking nonmonetary relief. 5 USCS § 702.

11. This Court has authority to compel agency action unlawfully withheld or unreasonably delayed and to hold unlawful and set aside agency action that is arbitrary, capricious, contrary to law, in excess of statutory authority, taken without required procedure, unsupported by substantial evidence where applicable, or unwarranted by the facts. 5 USCS § 706.

12. Agency action unlawfully withheld or unreasonably delayed is subject to relief under the APA. 5 USCS § 706.

13. Venue is proper in this District because Plaintiff is incorporated in this District, a substantial part of the events giving rise to the claims occurred in this District, and no real property is involved. 28 USCS § 1391.

## IV. FACTUAL ALLEGATIONS

14. Start CDL was listed on FMCSA's TPR as an ELDT provider before August 31, 2026.

15. Start CDL offers ELDT theory instruction, behind-the-wheel range instruction, and behind-the-wheel public-road instruction. Its curriculum includes instruction concerning roadside inspections, communication with enforcement personnel, safe operating procedures, vehicle inspection, driver qualifications, and other ELDT curriculum subjects.

16. Start CDL's training materials include instruction concerning roadside inspections and effective communication with enforcement officers. The materials instruct trainees to provide required documents, respond truthfully and respectfully to officers, listen to instructions, remain calm, and understand the potential consequences of violations.

17. Start CDL requires trainees to certify that they are proficient in English, including the ability to read, write, and speak English fluently in accordance with DOT regulations.

18. Although not expressly obligated, Start CDL also makes available an English course explaining trucking terms for trainees who need additional assistance.

19. On August 31, 2026, FMCSA issued Start CDL a Notice of Emergency Removal from the TPR (the "Notice"). *See* the Notice attached hereto as **Exhibit A**.

20. The Notice stated that Start CDL was immediately removed from the active TPR listing under 49 U.S.C. § 31305(c)(5) and 49 C.F.R. § 380.723(e). *See* Ex. A at pg. 1.

21. The Notice stated that immediate removal was based on FMCSA's conclusions that public health, interest, and safety required Start CDL's immediate removal and that Start CDL's willful disregard of regulations required immediate removal. *See* Ex. A at pg. 1.

22. Effective immediately, the Notice prohibited Start CDL from administering ELDT curricula, providing ELDT instruction through virtual, classroom, range, or public-road facilities, using vehicles or equipment for ELDT behind-the-wheel training, using instructors to provide ELDT instruction, issuing completion certificates, transmitting training certifications through the TPR, representing itself as a TPR-listed provider, and enrolling new students for ELDT training. *See* Ex. A at pg. 2.

23. The Notice asserted that FMCSA's audit found six (6) driver-trainees for whom Start CDL uploaded an ELDT certificate to the TPR had later received one (1) or more English

Language Proficiency ("ELP") citations. *See* Ex. A at pg. 3.

24. The Notice further asserted that Start CDL had, on numerous occasions, certified ELDT for drivers who did not meet the ELP standard at the time Start CDL uploaded the trainees' certification information to the TPR. *See* Ex. A at pg. 3.

25. The Notice did not identify a prior warning issued to Start CDL, a corrective-action demand that Start CDL ignored, an audit that Start CDL refused, or a specific FMCSA directive Start CDL allegedly disregarded before its removal.

26. The Notice acknowledges that FMCSA's regulations require ELDT providers to instruct trainees about ELP requirements and require behind-the-wheel trainees to certify that they will comply with driver-qualification standards, including ELP. *See* Ex. A at pg. 3.

27. Notably, however, the FMCSA does not set forth regulations or requirements imposing any obligation for the ELDT provider to perform ELP testing or any metrics by which such testing could be performed.

28. The Notice nevertheless treats a provider's later certification of a driver who allegedly did not meet the ELP standard as evidence of a materially deficient ELDT program, even though the Notice identifies no contemporaneous ELP assessment showing that a Start CDL trainee lacked English proficiency when Start CDL uploaded the trainee's certification information.

29. The Notice attached a spreadsheet that lists drivers under "***Star*** CDL Training LLC" and TPR identification number 9f22bba8-1ed7-4db5-8ba7-3cb52676a164, rather than Start CDL and its TPR identification number. *See* Ex. A at pg. 20.

30. The Notice also includes inspection materials identifying other training entities, including Punjabi School of CDL Inc., in portions of the agency's stated analysis and

determinations.[1]

31. The Notice itself states that fatal crashes described therein did not involve drivers who received ELDT at Start CDL and were not a basis for the Emergency Removal. *See* Ex. A at pg. 4.

32. With respect to trainees whom FMCSA contends were connected to Start CDL, the cited roadside inspections occurred between May 2026 and August 2026, from approximately four (4) months to four (4) years after the trainees completed Start CDL's program.

33. At least one (1) trainee cited in the Notice, Viacheslav Iroltuev, completed Start CDL's English Course for Truck Drivers and achieved an 84 percent score on Start CDL's English Language Proficiency Assessment in February 2026. *See* the Certificate attached hereto as **Exhibit B**.

34. The cited May 13, 2026 roadside inspection of Mr. Iroltuev occurred after he completed Start CDL's program and after his February 2026 English-language assessment.

35. Mr. Irolutev's case is the penultimate example of the improper nature of the FMCSA's backwards-looking enforcement.

36. As it pertains to him specifically, he completed Start CDL's English Course, passed with an 84% score, and still failed a roadside ELP assessment just three (3) months later.

37. It evidences both, that Start CDL did not falsely assert his ELP proficiency and that Start CDL has no ability to control a trainee's subsequent roadside ELP assessment failure.

38. Additionally, in July 2026, DOT audited Start CDL's training center and processes and did not identify the ELP deficiencies relied on in the Emergency Removal.

39. Following the Emergency Removal, Start CDL temporarily suspended business

---

[1] FMCSA served two (2) notices – electronically and by mail. ***Only*** the notice sent by mail includes the Punjabi School of CDL, Inc. Both notices are attached hereto as Exhibit A.

activity because it could not lawfully conduct the operations prohibited by the Notice.

40. The Emergency Removal has prevented Start CDL from enrolling and training new ELDT students, completing training and certifications, generating revenue from its core business, and maintaining its standing and reputation as an active TPR-listed provider.

41. Current trainees have sought refunds because they believe they will be unable to complete training, obtain licensure, or obtain employment as a result of the Emergency Removal.

42. Start CDL faces ongoing financial and reputational injury, harm to its employees, and a material risk that it will be unable to remain financially viable if it remains unable to operate during the pendency of administrative review.

43. On September 10, 2026, Start CDL filed a Petition for Administrative Review challenging the Emergency Removal, including FMCSA's alleged reliance on erroneous information, its attribution of trainees to Start CDL, its interpretation of Part 380, and its finding of willful disregard (the "Petition"). *See* the Petition attached hereto as **Exhibit C**.

44. On September 10, 2026, Start CDL concurrently filed an Emergency Motion to Stay seeking reinstatement to active TPR status and permission to resume ELDT operations during the administrative review, subject to continuing compliance, oversight, audits, and FMCSA directives (the "Emergency Motion to Stay"). *See* Motion to Stay attached hereto as **Exhibit D**.

45. As of the filing of this Complaint, FMCSA has not responded to or ruled on the Petition or the Emergency Motion to Stay.

## COUNT I
## ADMINISTRATIVE PROCEDURE ACT: ARBITRARY, CAPRICIOUS, CONTRARY-TO-LAW, AND FACTUALLY UNSUPPORTED EMERGENCY REMOVAL
## PLAINTIFF v. DEFENDANTS

46. Plaintiff hereby incorporates by reference all prior paragraphs as though set forth fully at length herein.

47. The APA requires a reviewing court to set aside agency action that is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, in excess of statutory authority, taken without observance of required procedure, unsupported by substantial evidence where applicable, or unwarranted by the facts. 5 USCS § 706.

48. FMCSA based the Emergency Removal on assertions that Start CDL certified trainees who did not meet the ELP standard at the time of certification and that Start CDL willfully disregarded applicable regulations.

49. FMCSA's Notice fails to set forth any contemporaneous evidence establishing that a Start CDL trainee lacked ELP at the time Start CDL transmitted the trainee's ELDT certification information to the TPR.

50. FMCSA relied on later roadside ELP citations that occurred months or years after the affected individuals completed Start CDL's training program.

51. The evidence attached to the Notice includes a spreadsheet identifying another provider, ***Star*** CDL Training LLC, and a different TPR identification number for multiple listed drivers.

52. The Notice also contains substantive determinations naming Punjabi School of CDL Inc., rather than Start CDL, as the entity allegedly engaging in the conduct said to justify emergency removal.

53. Start CDL's training agreements required trainees to certify their English proficiency and to represent that information provided to Start CDL was true and accurate.

54. Start CDL's curriculum included training on roadside inspections, communications with enforcement personnel, and the consequences of regulatory violations.

55. Start CDL offered an English-language course to trainees and, at least with respect

to Mr. Iroltuev, documented successful completion of the course and an 84 percent score on an ELP assessment before the cited roadside inspection.

56. However, as detailed above, evidence of subsequent ELP citations is not evidence of a contemporaneous false certification to the TPR.

57. Nevertheless, FMCSA's Emergency Removal improperly equates later roadside ELP citations with proof that Start CDL knowingly certified noncompliant trainees or willfully disregarded its regulatory obligations at the time of training or certification.

58. FMCSA's Emergency Removal is arbitrary, capricious, contrary to law, unsupported by the stated record, and unwarranted by the facts.

59. Further, Plaintiff was not provided with substantial due process, notice, opportunity to be heard, or opportunity to take corrective action, before the sweeping Emergency Removal – and as of the filing of this action, Plaintiff's its challenge of the Emergency Removal has not received any response.

**COUNT II**
**ADMINISTRATIVE PROCEDURE ACT: ARBITRARY, CAPRICIOUS, CONTRARY-TO-LAW, AND FACTUALLY UNSUPPORTED EMERGENCY REMOVAL**
**PLAINTIFF v. DEFENDANTS**

60. Plaintiff hereby incorporates by reference all prior paragraphs as though set forth fully at length herein.

61. The APA directs a reviewing court to compel agency action unlawfully withheld or unreasonably delayed. 5 USCS § 706.

62. FMCSA's Notice affords Start CDL the right to request administrative review and provides that FMCSA will complete the review and notify Start CDL in writing of its decision.

63. Start CDL timely invoked that procedure by filing its Petition for Administrative Review and filed an Emergency Motion to Stay seeking immediate interim relief.

64. FMCSA's failure to respond to or decide the Emergency Motion to Stay has allowed the immediately effective Emergency Removal to continue to shut down Start CDL's core ELDT operations during the agency's review.

65. The same has caused tremendous and irreparable harm to Start CDL's business where it is forced to pay its employees, while being deprived of revenue, and actually having its trainees seek refunds.

66. Further, Start CDL stands to lose its business contracts as it is not able to train students as previously agreed with its third-party customers.

67. FMCSA's continued failure to act on Start CDL's request for interim relief denies Start CDL a timely administrative determination necessary to prevent continuing and irreparable injury.

68. Defendants' failure to act on Plaintiff's Emergency Motion to Stay is agency action unlawfully withheld or unreasonably delayed within the meaning of the APA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Start CDL Inc. respectfully requests that the Court enter judgment in its favor and grant the following relief:

A. Declare that the August 31, 2026 Emergency Removal is arbitrary, capricious, contrary to law, unsupported by the facts stated in the Notice, and otherwise unlawful under the APA;

B. Declare that Defendants failure to act on Plaintiff's Emergency Motion to Stay constitutes unreasonable delay within the meaning of the APA;

C. Temporarily restrain and preliminarily enjoin Defendants from enforcing the August 31, 2026 Emergency Removal and restore Plaintiff's ability to operate pending resolution of this action;

D. Vacate and set aside the August 31, 2026 Emergency Removal;

E. In the alternative, if the Court declines to vacate and set aside the Emergency Removal while administrative review remains pending, order Defendants to promptly adjudicate Plaintiff's pending Petition for Administrative Review and Emergency Motion to Stay and permit Plaintiff to continue operating pending FMCSA's final determination of the Petition;

F. Award Plaintiff its costs of suit as permitted by law; and

G. Grant such other and further relief as the Court deems just and proper.

Dated: October 2, 2026

Respectfully Submitted,

**KAMINSKY LAW, LLC**

Anton Kaminsky, Esquire
William T. Dudeck, Esquire
NJ Atty IDs: 211632016; 041922001
207 Buck Road, Suite 2
Southampton, PA 18966
(215) 876-0800
anton@kaminskylaw.com
*Attorneys for Plaintiff,*
*Start CDL, Inc.*

.